UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| JOSE R. MOLINA, | ) NO.  CV 05-6137 SH |
| Plaintiff, | ) MEMORANDUM DECISION |
| v. | ) AND ORDER |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) |
| Defendant. | ) |

## I. JURISDICTION

Pursuant to 42 U.S.C. § 405(g), this court has authority to review the final decision of the Commissioner of the Social Security Administration denying Plaintiff's claim for Disability Insurance Benefits ("DBI") under Title II of the Social Security Act and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act.  The parties have consented to the jurisdiction of the Magistrate Judge under 28 U.S.C. § 636(c).

///

///

///

///

## II. PROCEDURAL BACKGROUND

Plaintiff Jose Molina filed an application for DBI and SSI on August 21, 2003, alleging an inability to work since July 25, 2003 due to back pain. (Administrative Law Record ["AR"] 48-63). His application was denied initially and upon reconsideration. A hearing before an Administrative Law Judge ("ALJ") was held on January 6, 2005. (AR 137-154). The ALJ agreed to leave the record open for 30 days to allow for the submission of additional evidence. (AR 140-41). Following the receipt of a decision denying benefits, Plaintiff sought review to the Appeals Council (AR 10). The Appeals Council received and considered additional evidence marked Exhibit AC-1, which it made part of the record. (AR 7). The Appeals Council declined to review on July 27, 2005 (AR 4-6). This action followed. The parties have filed their pleadings, the defendant has filed the certified transcript of record, and the parties have filed a joint stipulation.

## III. DECISION

The sole issue in this case is whether the ALJ properly considered Plaintiff's subjective symptom testimony. More specifically, the issue is whether the ALJ gave proper reasons for finding Plaintiff's testimony not credible. Plaintiff argues that the ALJ failed to articulate sufficient reasons for dismissing his subjective symptom testimony, which resulted in an erroneous assessment of his residual functional capacity. Plaintiff asserts that his testimony regarding the nature, extent, and limiting effects of his back pain was not given proper evaluation by the ALJ. Defendant argues that the ALJ properly considered Plaintiff's testimony and gave valid reasons for finding Plaintiff's testimony not credible.

Plaintiff testified that he has strong pain in his spine, lower back, and hip. (AR 143). He also said that he feels pain in his left leg down to his knee. Id. Plaintiff said that he can only walk, stand, and sit for ten minutes at a time because

of pain. (AR 145). Plaintiff said that he used both a back brace and a cane. (AR 148-49). He testified that his children help him put on his socks and accompany him when shopping. (AR 146). Plaintiff explained that the medication he takes causes him dizziness and stomach problems. (AR 146).

It is not in dispute, and the ALJ acknowledged, that Plaintiff has an impairment due to back injuries. (AR 20-22). However, the ALJ gave several reasons why he found Plaintiff's subjective symptom testimony not to be credible. Essentially, all of the ALJ's reasons centered on the fact that the Plaintiff's testimony was not corroborated by objective medical evidence.

An ALJ's decision to deny benefits must be based upon substantial evidence and proper legal standards. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Once a plaintiff produces objective medical evidence of an underlying impairment, the ALJ may still reject the plaintiff's excess pain testimony, but only by setting forth clear and convincing reasons for doing so. Light v. Social Sec. Admin., 11 F.3d 789, 792 (9th Cir. 1997) (citing Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996). The ALJ must provide specific, cogent reasons for his disbelief of plaintiff's testimony if there is no evidence that the plaintiff is malingering. Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995).

The ALJ did not give clear and convincing reasons why he rejected Plaintiff's subjective pain testimony. The first reason that the ALJ gave was that Plaintiff's impairment had only been managed conservatively because Plaintiff was not a surgical candidate, not hospitalized, not prescribed treatment with a TENS unit, and not given other commonly prescribed treatments for intense pain. (AR 21). This reason is not legally sufficient or convincing. Plaintiff was advised about surgical management of pain by Dr. Assat. (AR 127, 129). According to Plaintiff's medical records, it was he who chose to explore "maximized medical management" before exploring a surgical option. (AR 127). In addition, Dr. Assat

also referred Plaintiff for a consultation regarding epidural block injections. <u>Id.</u> Furthermore, Plaintiff's medical records in Exhibit AC-1, submitted after the decision by the ALJ but given consideration by the Appeals Council and made part of the record, indicate that he was prescribed treatment with the TENS unit and prescribed injections. (AR 133). Plaintiff testified that he was awaiting approval of Medi Cal in order to receive the injections and proceed with surgery. (AR 151).

The second reason that the ALJ relied upon in finding Plaintiff's subjective testimony not credible was that Plaintiff had no abnormalities of gait, and the ALJ found that he was not required to use any assistive devices. This reason was in error as well. It should be noted that even though Dr. Sohn, the state agency consultant, assessed Plaintiff's RFC in favor of his being able to perform work, he noted that Plaintiff's alleged symptoms were attributable to his medically determinable impairment. (AR 107). Plaintiff's normal gait is not a legally convincing reason to discredit his pain testimony. Moreover, Plaintiff testified that he used both a back brace and a cane, and he need not produce medical evidence that they were prescribed. (AR 148-48); <u>see</u> <u>Light</u>, 119 F.3d at 792 (holding that an ALJ may not discredit a plaintiff's subjective testimony merely because he did not have objective medical evidence to support his testimony).

The third reason that the ALJ asserted was that Plaintiff did not provide evidence of diffuse atrophy or muscle wasting, which according to the ALJ are common indicators of pain. (AR 21). However, the ALJ did not substantiate his remark that atrophy or muscle wasting are necessary indicators of extreme pain.

Another reason, that the ALJ relied upon in error , was that there was no credible evidence of regular usage of strong medication to alleviate Plaintiff's pain which would significantly impair the Plaintiff's ability to do basic work activities,

4

and that there was no medical evidence of side effects from medication. (AR 21). This reasoning was in error because in Exhibit 8E Plaintiff lists the medications that he was prescribed. (AR 82). These medications include high amounts of Ibuprophen, Prednisone, Acetaminophen with codeine, Vicodin, Tylenol #3 and Drocodone (a type of Vicodin). (AR 82-123). In addition, Plaintiff testified that the medication made him dizzy and caused him to have an upset stomach. (AR 146). The ALJ presented no evidence that Plaintiff was malingering, therefore his reasons for rejection of Plaintiff's testimony are not legally sufficient.

If an ALJ finds that a plaintiff's testimony relating to the intensity of his pain is unreliable the ALJ must make a credibility determination citing reasons why the testimony is unpersuasive. Morgan v. Apfel, 169 F.3d 595, 599 (9th Cir. 1999) (citing Bunnell v. Sullivan, 947 F.2d 341 (9th Cir. 1991). The ALJ must specifically identify what testimony is credible and what testimony undermines the plaintiff's complaints. Id. In evaluating a plaintiff's credibility, the ALJ may consider the plaintiff's reputation for truthfulness, inconsistencies within the plaintiff's testimony or as between his testimony and his conduct, the plaintiff's daily activities, and the plaintiff's work history. Light, 119 F.3d at 792.

The ALJ stated that he found Plaintiff's subjective symptom testimony to be not credible only for the reasons discussed above. The ALJ failed to make findings that would allow a conclusion that Plaintiff was not credible, such as Plaintiff's reputation for dishonesty, conflicts between the claimant's testimony and his conduct, or internal inconsistencies in Plaintiff's testimony. Light, 119 F.3d at 792.

Plaintiff's eligibility for DBI and SSI turns entirely on the credibility of his subjective pain testimony. It is undisputed that Plaintiff presented evidence of a medical impairment which could reasonably be expected to produce his severe pain

symptoms.  See 42 U.S.C. 423(d)(5)(A).  If Plaintiff's subjective pain testimony is credited, there are no outstanding issues that must be resolved before a determination of disability can be made.  The ALJ did not adequately find that Plaintiff was not credible, therefore, this Court finds in favor of Plaintiff and remands for award of benefits.  Moisa v. Barnhart, 367 F.3d 882, 885, 887 (9th Cir. 2004).

## IV. ORDER

For the foregoing reasons, the decision of the Commissioner is reversed and remanded for computation and payment of benefits.

DATED: August 7, 2006

/s/
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE